People v Riley (2020 NY Slip Op 02397)





People v Riley


2020 NY Slip Op 02397


Decided on April 24, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, TROUTMAN, WINSLOW, AND BANNISTER, JJ.


143 KA 19-00131

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
LANCE A. RILEY, DEFENDANT-APPELLANT. 






ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (LYLE T. HAJDU OF COUNSEL), FOR DEFENDANT-APPELLANT.
LANCE A. RILEY, DEFENDANT-APPELLANT PRO SE.
DONALD G. O'GEEN, DISTRICT ATTORNEY, WARSAW (VINCENT A. HEMMING OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Wyoming County Court (Michael M. Mohun, J.), rendered May 10, 2018. The judgment convicted defendant upon his plea of guilty of rape in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of rape in the first degree (Penal Law
§ 130.35 [1]). As the People correctly concede, even if we assume that the waiver of the right to appeal executed by defendant is valid, " none of the issues [defendant] raises would be foreclosed by [that] valid waiver of the right to appeal' " (People v Williams, 170 AD3d 1666, 1666 [4th Dept 2019]; see People v Beardsley, 173 AD3d 1722, 1723 [4th Dept 2019], lv denied 34 NY3d 739 [2019]).
Defendant contends that his guilty plea was not knowingly, intelligently and voluntarily entered and that County Court abused its discretion in denying his motion to withdraw his plea without first conducting a hearing. We reject defendant's contention that the court should have conducted a hearing on his motion (see generally Williams, 170 AD3d at 1666). Contrary to defendant's further contention, the court properly denied his motion. Defendant's contention that his plea was not knowing, intelligent or voluntary because of coercion, ineffective assistance of counsel and innocence is based on conclusory and unsubstantiated statements made in defendant's affidavit in support of his motion and is belied by the plea colloquy, wherein defendant admitted his guilt and stated, inter alia, that he was fully advised of the consequences of his plea, he was confident in his attorney's abilities, and he was not coerced into entering the plea (see id. at 1666-1667; People v Goodwin, 159 AD3d 1433, 1434 [4th Dept 2018]).
Finally, we have reviewed defendant's remaining contentions in his pro se supplemental brief and conclude that none requires reversal or modification of the judgment.
Entered: April 24, 2020
Mark W. Bennett
Clerk of the Court